**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**MOUNT COMFORT COFFEE, LLC** **PLAINTIFF**

**V.** **CASE NO. 5:26-CV-05154**

**HANJRA FREIGHTWAY, INC.** **DEFENDANT**

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Currently before the Court is Plaintiff Mount Comfort Coffee, LLC's Motion and Supporting Brief for Default Judgment (Doc. 11). The record reflects that personal service was obtained upon Defendant Hanjra Freightway, Inc. through its registered agent on June 29, 2026. (Doc. 8-2). The Clerk entered default against Hanjra Freightway pursuant to Federal Rule of Civil Procedure 55(a) on August 4, 2026. (Doc. 16).

Mount Comfort Coffee seeks reimbursement for freight loss in the amount of $164,294.40. Adam Coleman, Mount Comfort Coffee's Chief Executive Officer, submitted a sworn affidavit in support of the damages calculation. (Doc. 11, pp. 41–43)

According to Rule 55(b)(2), the Court is empowered to enter a default judgment and "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any matter." Fed. R. Civ. P. 55(b)(2). After reviewing the Complaint, the Motion, and the attachments to the Motion, the Court finds that a hearing on damages is not necessary.

First, the Court addresses whether Mount Comfort Coffee may enforce the Carrier Agreement (Doc. 3-1) as a third-party beneficiary. Mount Comfort Coffee is not a signatory to the Agreement. Instead, it is signed by Hanjra Freightway and a broker.

To interpret the Agreement, the Court applies Arkansas law. *See* Doc. 3-1, p. 19 § XVI.5. Under Arkansas law, "[a] contract is actionable by a third party when there is substantial evidence of a clear intention to benefit that third party." *Perry v. Baptist Health*, 358 Ark. 238, 245 (Ark. 2004). The Carrier Agreement states: "Services provided by Carrier may be related to a shipment originating with [the broker], as the 'Shipper,' or with a customer of [the broker] as the 'Shipper.'" (Doc. 3-1, p. 2 § III.1). As a customer of the broker and the shipper of the goods, Mount Comfort Coffee benefitted from the Carrier's services. *See* Doc. 3-2, p. 1. This conclusion is bolstered by the Agreement's statement that the "Carrier shall be liable to [the broker] and the Shipper for the loss, damage, injury, theft, or delay of the Goods occurring while in the custody, possession, or control of Carrier." (Doc. 3-1, p. 14 § XII.1.C.). Based on the evidence that the Carrier Agreement is intended to benefit Mount Comfort Coffee, the Court concludes Mount Comfort Coffee may enforce the Agreement as a third-party beneficiary.

Next, the Court determines the extent of Hanjra Freightway's liability. Although the Carrier Agreement holds the Carrier liable to Mount Comfort Coffee as the shipper for damage to the goods, the clauses that follow omit any reference to the shipper. The Agreement states:

> If the goods are lost, damaged, or destroyed, Carrier will be liable for, and will pay to [broker], the actual invoice price charged for the kind and quantity of the Goods lost, damaged or destroyed, and, in addition, all freight charges, taxes, fees, disposal, and other charges . . . Carrier's liability to [broker] for any loss or damage will not exceed $100,000.00 per shipment unless agreed to in writing prior to Carrier accepting shipment.

*Id.* § XII.1.E. Additionally, the Agreement explains if the broker "prevails in litigation against Carrier for recovery of a claim, [the broker] will be entitled to recover all of its

actual costs and expenses, including reasonable attorney fees, court costs, and interest." *Id*. at p. 16 § XIV.2.

Despite the omissions, the Court concludes the above-referenced clauses also apply to Mount Comfort Coffee. A court "must endeavor to give meaning and effect to every word and may discard words as surplusage only when the intention of the parties clearly makes them such." *Pickens-Bond Const. Co. v. N. Little Rock Elec. Co.*, 249 Ark. 389, 392 (Ark. 1970). To give effect to the clause that holds the carrier liable to the customer of the broker as shipper, the carrier must also be liable to such shipper for the "actual invoice price charged for the kind and quantity of the Goods lost, damaged or destroyed, and, in addition, all freight charges, taxes, fees, disposal, and other charges." *See* Doc. 3-1 § XII.1.E. Therefore, the Court reads the clauses that reference only the broker as also referring to the customer of the broker as shipper.

The Court credits the Carrier Agreement (Doc. 3-1) as well as Mr. Coleman's affidavit (Doc. 11, pp. 41–43) and the exhibits upon which it relies, including the Bill of Lading (Doc. 11, p. 44). In view of Hanjra Freightway's default and the limitation of liability, the Court finds that Hanjra Freightway is liable to Mount Comfort Coffee in the amount of **$100,000** in lost product.

Mount Comfort Coffee is also entitled to postjudgment interest, calculated at the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment. *See* 28 U.S.C. § 1961(a). The applicable interest rate is 4.52%. Such interest will accrue until the judgment is paid in full.

**IT IS THEREFORE ORDERED** that the Motion for Default Judgment (Doc. 11) is **GRANTED**, and judgment will enter in favor of Plaintiff Mount Comfort Coffee, LLC in the total amount of **$100,000**.

**IT IS SO ORDERED** on this 3rd day of October, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE